989 F.2d 1201
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kathryn K. BAYER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3432.
 United States Court of Appeals, Federal Circuit.
 Feb. 1, 1993.
 
 Before PAULINE NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Kathryn K. Bayer petitions for review of the December 23, 1991 decision of the Administrative Judge (AJ), No. SE-0831-92-0014-I-1, determining that she is ineligible for a survivor annuity under the Civil Service Retirement System based on the federal service of her former husband. The AJ's decision became the final decision of the Merit Systems Protection Board when the Board denied review on April 23, 1992. We affirm.
 
 OPINION
 
 2
 Mr. and Mrs. Bayer were married in April 1954. In August 1964, Mr. Bayer retired due to a disability and elected to provide a survivor annuity for his wife. On April 1, 1987, the Bayers' marriage was dissolved by a divorce decree which divided the Bayers' marital property and specifically awarded Mr. Bayer "all interest in his Civil Service Disability Retirement." Mr. Bayer did not elect to provide Mrs. Bayer with survivor benefits within the two year statutory period following their divorce. See 5 U.S.C. § 8339(j)(3) (1988). Mr. Bayer has continued to receive a reduced annuity since the divorce and made clear his intention that Mrs. Bayer remain as the beneficiary of the survivor annuity.
 
 
 3
 On March 11, 1991, Mrs. Bayer requested the Office of Personnel Management (OPM) to determine her eligibility for survivor benefits. OPM determined that she was not eligible since the divorce decree did not award her such a benefit as required by 5 U.S.C. § 8341(h)(1) (1988), which provides in pertinent part:
 
 
 4
 [A] former spouse of a deceased employee ... is entitled to a survivor annuity under this subsection, if and to the extent expressly provided for ... in the terms of any decree of divorce or annulment or any court order or court-approved property settlement agreement incident to such decree [emphasis added].
 
 
 5
 On July 19, 1991, Mrs. Bayer obtained a "Stipulated Order Modifying Decree of Dissolution Nunc Pro Tunc " (Order), stating:
 
 
 6
 [Mrs. Bayer] shall forever remain as beneficiary of [Mr. Bayer's] federal survivor annuity benefits [and Mr. Bayer] shall not at any time change or in any manner modify such designation.
 
 
 7
 On September 18, 1991, OPM issued a reconsideration decision in light of the Order, determining that Mrs. Bayer remained ineligible for the survivor annuity since the Order was not "the first order terminating the marital relationship between the retiree and the former spouse" under OPM regulations. See 5 C.F.R. § 831.1704(e)(1) (1992). OPM notified Mr. Bayer that it had denied survivor annuity benefits to Mrs. Bayer, that he was entitled to receive an unreduced annuity payable only during his lifetime, and that his monthly annuity would be adjusted upon expiration of Mrs. Bayer's appeal rights.
 
 
 8
 On appeal to the Board, Mrs. Bayer argued that since the Order was nunc pro tunc, by definition it became part of the original divorce decree and was thus the first order terminating the marital relationship. The AJ determined that the Order was not the first order terminating the marital relationship, noting that OPM regulations explicitly excluded orders issued nunc pro tunc. See 5 C.F.R. § 831.1704(e)(3)-(4) (1992). The AJ also determined that the Order was an impermissible "modification" under 5 U.S.C. § 8341(h)(4) (1988), which provides in pertinent part:
 
 
 9
 [A] modification in a decree, order, agreement ... shall not be effective--
 
 
 10
 (A) if such modification is made after the retirement or death of the employee or Member concerned, and
 
 
 11
 (B) to the extent that such modification involves an annuity under this subsection.
 
 
 12
 The AJ's decision became final on April 23, 1992 when the full Board denied Mrs. Bayer's petition for review. This appeal followed.
 
 
 13
 Our standard of review is narrow: we must affirm the Board's decision unless it was (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) obtained without procedures required by law, rule, or regulation having been followed; or (c) unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (1988); Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 14
 Mrs. Bayer argues that under our recent decision in Newman v. Love, 962 F.2d 1008 (Fed.Cir.1992), the Order was not a modification under section 8341(h)(4). In Love, we held that a court order awarding a former spouse an annuity is not a modification when it is the first order adjudicating property division. 962 F.2d at 1011. According to Mrs. Bayer, since the original divorce decree awarded Mr. Bayer only his "Civil Service Disability Retirement," and did not refer to the survivor annuity, the decree did not fully adjudicate property issues.
 
 
 15
 We disagree that Love requires or permits us to reverse the Board in this case. Love does not unreservedly permit modification of divorce decrees to award survivor benefits. Under Love, only parties who have not provided for their marital property at all may do so in a subsequent order without violating the statute. Arguably, then, in such a case, there has been no modification. Unlike the situation in Love, this case does not involve a bifurcated divorce proceeding in which the original divorce decree only dissolved the marriage and expressly reserved property division for subsequent proceedings. In contrast, the Bayers' divorce decree divided their marital property and in fact explicitly provided that Mr. Bayer was entitled to "all interest in his Civil Service Disability Retirement." However, it did not dispose of the survivor annuity; only the impermissible modification did that.
 
 
 16
 We have considered Mrs. Bayer's other arguments, and none of them convinces us that the Board's decision was in error. It is regrettable if, as seems to be indicated by the record, Mr. Bayer intended that his former wife receive a survivor annuity and that intent cannot be carried out. However, the statute provides that, in order for a former spouse to obtain a survivor benefit, it must be expressly provided for in the divorce decree and that it cannot be so provided for in a modification. The Bayers failed to comply with the statute and we cannot ignore the requirements of the law based on what we might consider to be fair and equitable. Congress writes the laws.
 
 
 17
 We conclude that the Board correctly determined that Mrs. Bayer failed to satisfy the statutory requirements for survivor benefits. Accordingly, the decision of the Board is affirmed.